Case 10-10843    Filed 02/25/11    Doc 78

2010-10843
FILED
February 25, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003280886

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ANETTE FREELING and JAMES FREELING,<br><br>            Debtor. | Case No. 10-10843-B-13<br>Chapter 13<br>DC No. UST-5<br><br>Date:   January 5, 2011<br>Time:  1:00 p.m.<br>Place:  U.S. Bankruptcy Court<br>           1300 18TH Street, Suite A<br>           Bakersfield, California<br>Judge:  W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S MOTION FOR AN ORDER
IMPOSING A FINE AND DISGORGEMENT PURSUANT TO 11 U.S.C. § 110(l)**

On January 5, 2011, the Court considered the United States Trustee's Motion for An Order Imposing a Fine and Disgorgement Pursuant to 11 U.S.C. § 110(l). Mark L. Pope, Esq. appeared for the United States Trustee. Anette Freeling, appeared *in propria persona*. Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

<u>Findings of Fact</u>

1. On January 29, 2010, Anette and James Freeling ("the Debtors") filed a voluntary petition under chapter 13. There was no indication the Debtors were represented by counsel

RECEIVED
February 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003280886

when they filed and there was no indication on their petition they were assisted by a bankruptcy petition preparer.

2. There was no disclosure of attorney or petition preparer compensation filed in the case as required by Bankruptcy Rule 2016(b) and 11 U.S.C. 110(h)(2)(A).

3. On March 31, 2010, the Debtors appeared and testified under oath at their meeting of creditors.

4. The Debtors' bankruptcy documents were prepared by My Finance 911 ("the Preparer") to which the Debtors paid $1,200 for bankruptcy preparation services.

5. The Preparer instructed the Debtors they would need an attorney and referred them to Louisa Moritz, Esq. of Ventura, California.

6 . The Debtors paid Louisa Moritz $1,000 for bankruptcy representation, including court attendance.

7. On the morning of the Debtors' scheduled meeting of creditors, Louisa Moritz's secretary called and informed them that Lousia Moritz would not be coming to their meeting.

## Conclusions of Law

8. The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code. 28 U.S.C. § 586(a)(3). The United States Trustee has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding. 11 U.S.C. § 307. The United States Trustee may file a motion for an order imposing a fine on a bankruptcy petition preparer for any violation of section 110 of the Bankruptcy Code. 11 U.S.C. § 110(l)(3).

9. The Preparer is a bankruptcy petition preparer. Section 110 of the Bankruptcy Code provides in relevant part:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney, who prepares for compensation a document for filing; and
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

1  11 U.S.C. § 110(a)(1) and (2).

2      10. The Preparer is not an attorney. It prepared the petition for a fee for filing with
3  the Court in this case. It was paid $1,200 for its petition preparer services.

4      11. The Preparer should be fined. Section 110 of the Bankruptcy Code provides in
5  relevant part:

> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection(b),(c),(d),(e),(f),(g) or (h) may be fined not more than $500 for each such failure

11 U.S.C. § 110(l)(1).

The Preparer failed to comply with subsections (b), (c), (e), and (h) of Section 110, as described below, and should be fined for each such failure.

    12. Section 110 of the Bankruptcy Code provides in relevant part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to -
>     (A) sign the document for filing; and
>     (B) print on the document the name and address of that officer, principal, responsible person, or partner.

11 U.S.C. § 110(b)(1)(A)-(B).

The Preparer did not sign or print its name on the petition it prepared for filing with the court. The Petition has a signature block which calls for a Non-attorney Petition Preparer to print their name and address, place their Social Security number and sign as required by 11 U.S.C. § 110. The pre-printed signature block on the petition includes bold print language that specifically references 11 U.S.C. § 110.

    13. Therefore, the Preparer's failure to complete the signature blocks as a Non-attorney Petition Preparer in this case can only be seen as wilful. The Preparer should be fined $500 for failing to sign and print its name and address on the petition.

    14. Section 110 of the Bankruptcy Code provides in relevant part:

> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies the individuals who prepared the document.

      (c)(2)(A) . . . [F]or purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security number of each individual who prepared the document or assisted in its preparation.
      (c)(2)(B) If a bankruptcy petition preparer is not an individual, the identity number of the bankruptcy petition preparer shall be the Social Security account number of the bank officer, principal, responsible person, or partner of the bankruptcy petition preparer.

11 U.S.C. §§ 110(c)(1) and (2)(A)-(B).

The Preparer failed to place its Social Security number on the petition. It should be fined $500 for failing to do so.

    15. Section 110 of the Bankruptcy Code provides in relevant part:

      (b)(2)(A) Before preparing any document for filing or accepting any fees from a debtor, a bankruptcy petition preparer shall provide the debtor a written notice which shall be written on an official form prescribed by the Judicial Conference of the United States . . .
      (B) The notice under subparagraph (A) -
        (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
        (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give . . .; and
        (iii) shall-
          (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
          (II) be filed with any document for filing.

11U.S.C. §§ 110(c)(2)(A) and (B).

The Judicial Conference of the United States has prescribed an Official Form to allow a bankruptcy petition preparer to provide the referenced notice i.e., Official Form 19 - Declaration and Signature of Non-Attorney Petition Preparer. The Preparer did not provide the Debtors with such a notice and it was not filed with the court. The Preparer should be fined $500 for such failure.

    16. Section 110 of the Bankruptcy Code provides in relevant part:

      (e)(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice describe in subparagraph (B).
      (B) The legal advice referred to in subparagraph (A) includes advising the debtor . . .(vii) concerning bankruptcy procedure and rights.

11 U.S.C. § 110(e)(2)(A).

The Preparer gave the Debtors legal advice on bankruptcy rights and procedures including how to file a chapter 13 petition. It should be fined $500 for so doing.

17. Section 110 of the Bankruptcy Code provides in relevant part:

> (h)(2)(A) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case . . . .

11 U.S.C. § 110(h)(2)(A).

The Preparer failed to file a declaration disclosing the $1,200 fee it received from Debtors for preparing the bankruptcy documents. It should be fined $500 for such failure.

18. Section 110 of the Bankruptcy Code provides in relevant part:

> (h)(3)(A) The Court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph 2 found to be in excess of the value of the services -
>     (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the filing of the petition . . .
> (h)(3)(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsections (b), (c), (d), (e), (f), or (g).

11 U.S.C. §§ 110(h)(2)(A).

The Preparer failed to comply with subsections (b), (c), (e), and (h). Therefore, its $1,200 fee should be ordered forfeited and returned to the Debtors. In the alternative, the fee of $1,200 which the Preparer received exceeds this Court's Guidelines to Petition Preparers in Eastern District of California Cases ("Guidelines") which provide in pertinent part:

> The fee paid by the debtor to a bankruptcy petition preparer for typing and filing a bankruptcy petition may not exceed $125.00 including expenses (such as photocopies, postage, telephone charges and courier services).

Guidelines, para. 2.

Therefore, the entire fee of $1,200 should be ordered disgorged to the Debtors.

19. Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer . . . .
>     (D) prepared a document for filing in a manner that failed to disclose the identity of the petition preparer.

11 U.S.C. § 110(l)(2)(D).

The Preparer prepared the Debtors' petition in a manner that failed to disclose the Preparer's identity. It should be fined in the total amount of $2,500, as set forth above, and a fine in that

amount, if imposed, must be tripled to $7,500. The fine should be paid to the United States Trustee. 11 U.S.C. § 110(l)(4)(A).

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. The Preparer will be ordered to disgorge its fee of $1,200 to Annette Freeling and James Freeling, and provide proof thereof to the United States Trustee, by making payment in that amount by cashier's check or money order and mailing the payment within 30 days from the date of this Order to James and Anette Freeling, 9532 Tahiti Avenue, Bakersfield, California 93311; and

2. The Preparer will be fined in the amount of $7,500 payable to the United States Trustee within 60 days from the date of this Order

A separate order shall be entered.

```
3. The fee disgorgement to the Debtors shall be satisfied
before the fine is paid to the US Trustee.
```

Dated: February 25, 2011

W. Richard Lee
United States Bankruptcy Judge

E-filed by Mark L. Pope
Direct phone: 559-487-5002 Ext. 240
E-mail: mark.pope@usdoj.gov